UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3588-GW-PVCx | Date | August 25, 2023 |
|---|---|---|---|
| Title | *Gredale, LLC v. Access Bio, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON DEFENDANT YOUNG HO CHOI'S MOTION TO DISMISS [21]

Attached hereto is the Court's Tentative Ruling on Defendant's Motion [21] set for hearing on August 28, 2023 at 8:30 a.m.

: 

Initials of Preparer   JG

<u>*Gredale, LLC v. Access Bio, Inc., et al.*</u>; Case No. 2:23-cv-03588-GW-(PVCx)
Tentative Ruling on Motion to Dismiss

## I. Background

On May 10, 2023, Plaintiff Gredale, LLC ("Plaintiff") initiated this action against Defendants Access Bio, Inc. ("Access Bio"), Young Ho Choi ("Choi"), Kwang Soon Pak ("Pak"), and Eesasia Corp. (collectively, "Defendants"), asserting causes of action for breach of contract, fraud, and intentional misrepresentation. *See* Complaint, Docket No. 1. On June 21, 2023, Choi filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). *See* Docket No. 13. On July 12, 2023, Plaintiff filed a first amended complaint—the operative complaint – asserting the same causes of action. *See* First Amended Complaint ("FAC"), Docket No. 15.[1]

This dispute stems from Defendants' purported breach of a fee agreement (the "Agreement") with Plaintiff, whereby Plaintiff "provid[ed] assistance and consulting support to [Access Bio] related to the preparation and submission of government proposals in response to government requests for proposals in connection to the manufacturing and sale of USA-made over the counter COVID [t]ests." *Id.* ¶ 46. Plaintiff claims that although Access Bio was awarded two government contracts, *see id.* ¶¶ 37-38, it has refused to pay Plaintiff any amount of the purported compensation due under the Agreement, *see id.* ¶¶ 42, 63, 89.

Now pending before the Court is Choi's motion to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). *See* Motion to Dismiss ("Motion" or "Mot."), Docket No. 21.[2] Plaintiff filed an opposition brief. *See* Opposition to Motion to Dismiss

---

[1] The caption page of the FAC also indicates that Plaintiff is asserting a claim for "injunctive relief," however, the FAC contains only four causes of action. *See id.*

[2] Choi also submitted a request for judicial notice. *See* Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Docket No. 21-4. The Court may judicially notice facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court also may take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citation omitted); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (courts may consider "matters of which a court may take judicial notice" when ruling on Rule 12(b)(6) motions to dismiss). The Court finds the single exhibit – a complaint filed in a different proceeding involving the same parties and the same subject matter – fit for judicial notice. However, while the Court takes judicial notice of that pleading and what it states on its face, the Court does not take notice or assume the truth or accuracy of its contents. *See Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d 755, 762-63 (C.D. Cal. 2015).

1

("Opp."), Docket No. 22.  Choi filed a reply.  *See* Reply in Support of Motion to Dismiss ("Reply"), Docket No. 27.[3]

## II. Legal Standard

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court begins with the principle that "[f]ederal courts are courts of limited jurisdiction" and presumptively lack jurisdiction over an action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), a defendant's challenge to subject matter jurisdiction may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). By contrast, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen*, 511 U.S. at 377.

### B. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a matter for "lack of jurisdiction over the person." When a defendant moves to dismiss for lack of personal jurisdiction, the burden shifts to the plaintiff to establish the court's personal jurisdiction over the defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The plaintiff may meet this burden by making a "prima facie showing of jurisdictional facts." *Id.* (quotation omitted). "Where not directly controverted, plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citation omitted). "[C]onflicts between the facts contained in the parties' affidavits must be resolved in

---

[3] The Motion is filed on behalf of Choi only because it "does not appear that any other Defendant has been properly served" as "no proofs of service have been filed on the docket." Reply at 7 n.1.

[the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (quotation omitted). However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation omitted).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Under California law, "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10. A court may exercise personal jurisdiction over a nonresident defendant consistently with due process only so long as there exist "minimum contacts" between the defendant and the forum, such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and quotations omitted).

Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414, nn. 8 & 9 (1984). A defendant is present "generally" in the forum when its activities in the state are "substantial" or "continuous and systematic." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quotation omitted). Where general jurisdiction does not exist, the Ninth Circuit has established a three-factor test to evaluate whether the court may exercise specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted).

The Supreme Court recently clarified the rationale of the specific-jurisdiction framework, stating that unlike general jurisdiction, specific jurisdiction:

> covers defendants less intimately connected with a State, but only as to a narrower class of claims. The contacts needed for this kind

3

> of jurisdiction often go by the name "purposeful availment." [*Burger King*, 471 U.S. at 475]. The defendant, we have said, must take "some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." [*Hanson v. Denckla*, 357 U.S. 235, 253 (1958)]. The contacts must be the defendant's own choice and not "random, isolated, or fortuitous." [*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)]. They must show that the defendant deliberately "reached out beyond" its home – by, for example, "exploiting a market" in the forum State or entering a contractual relationship centered there. [*Walden*, 571 U.S. at 285]. Yet even then – because the defendant is not "at home" – the forum State may exercise jurisdiction in only certain cases. The plaintiff's claims, we have often stated, "must arise out of or relate to the defendant's contacts" with the forum. [*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017); *see, e.g.*, *Burger King*, 471 U.S. at 472; *Helicopteros Nacionales*, 466 U.S. at 414; *International Shoe*, 326 U.S. at 319]. Or put just a bit differently, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." [*Bristol-Myers*, 137 S.Ct., at 1780].

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021) (cleaned up).

The plaintiff bears the burden of establishing the first two prongs; otherwise there is no personal jurisdiction established in the forum state. *Id.* If the plaintiff succeeds on the first two prongs, then the defendant must present a compelling case as to why exercising jurisdiction would be unreasonable. *Id.*

### C. Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court must construe the complaint

in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

Also, to state a claim for fraud under Rule 9(b), a party must plead "with particularity the circumstances constituting the fraud," and allegations must "be specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations and citation omitted). Rule 9(b) may apply when claims include "averments of fraud," even if the word "fraud" is not used. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104-06 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

### III. Discussion

As noted above, Choi previously moved to dismiss the Complaint and, rather than oppose that motion, Plaintiff filed the FAC. The present Motion moves to dismiss the FAC largely on the same grounds as the original motion. Choi argues that Plaintiff's FAC should be dismissed for three reasons. *See* Mot. at 8-9. First, Choi asserts that this Court lacks subject matter jurisdiction over the action because (1) Plaintiff, a limited liability company, has failed to allege the citizenship of each of its members and (2) Pak's presence in this action destroys diversity jurisdiction as he is a "stateless" citizen. *Id.* at 11-13. Second, Choi argues that this Court lacks personal jurisdiction over him. *Id.* at 13-23. Third, Choi contends that Plaintiff has failed to state a claim against him

5

because (1) Choi is not a party to the Agreement and (2) the FAC does not allege that Choi made any misrepresentations. *Id.* at 24-26. Alternatively, Choi argues that this case should be stayed under the "first-to-file" rule based on the earlier-filed New Jersey lawsuit involving the same subject matter and most of the parties. *Id.* at 27-28; *see also* RJN, Ex. 1.[4]

"[J]urisdiction generally must precede merits in dispositional order." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Only if the Court is satisfied that it has both subject matter jurisdiction and personal jurisdiction may it proceed to address Choi's merits arguments under Rule 12(b)(6). *See id.* ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them."). Consequently, the Court will first address Choi's Rule 12(b)(1) challenge.

### A. Subject Matter Jurisdiction

At issue is whether the Court has subject matter jurisdiction over Plaintiff's action. Plaintiff asserts subject matter jurisdiction based on diversity jurisdiction. *See* FAC ¶ 11 ("This Court has jurisdiction over all parties pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.").[5] Diversity jurisdiction requires "complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). Diversity is determined by the citizenship of the parties at the time the complaint is filed. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005). The citizenship of a natural person is determined by the person's "state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is the person's "permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Citizenship of a limited liability company is determined not by

---

[4] On May 8, 2023 – two days before Plaintiff filed this action – Defendants Access Bio, Choi, and Pak filed a suit against Plaintiff in the Superior Court of New Jersey concerning the Agreement (the "New Jersey Action"). *See* RJN, Ex. 1. The New Jersey Action "arises out of the exact same series of transactions and occurrences [that] are at issue in this case." Mot. at 27. In addition, the parties in the New Jersey Action are the same as in this case, except for the addition of Defendant Eesasia in the present action. *Id*.

[5] The Court notes that, in the Civil Cover Sheet, Plaintiff indicates that the basis of this Court's jurisdiction is federal question jurisdiction. *See* Docket No. 1-2 at 1. However, this appears to be a typographical error as there is no federal question asserted in the FAC, *see generally* FAC, and, as noted above, the FAC expressly invokes diversity jurisdiction, *see id.* ¶ 11.

incorporation and by principal place of business, but rather by the citizenship of its owners and members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

        i.    Plaintiff's Citizenship

Here, Plaintiff is a limited liability company ("LLC") "formed under the laws of the State of Nevada … with its corporate headquarters and principal place of business both located in Los Angeles, California." FAC ¶ 1. However, where Plaintiff has its principal place of business and the state where it is organized, *see id.*, is irrelevant to its citizenship for purposes of jurisdiction based upon Section 1332(a). As discussed above, for purposes of subject matter jurisdiction, a LLC is deemed to be a citizen of every state of which its owners or members are citizens. *Johnson*, 437 F.3d at 899. Just like its original complaint, Plaintiff's FAC fails to identify the members of its LLC and indicate those members' citizenships. *See generally* FAC. Accordingly, the jurisdictional allegations in the FAC are deficient. *See, e.g., Satarco Kish Trading, LLC v. Wamar Int'l Grp., LLC*, No. 2:15-cv-05206-BRO-(JCx), 2015 WL 12656920, at *1 (C.D. Cal. July 16, 2015) (noting that proper pleading of LLC citizenship requires identification of LLC's owners or members, and allegation of every state of which every owner or member is a citizen); *Airtex Prods., L.P. v. Am. Home Assurance Co.*, No. 5:11-cv-01198-SJO-(DTBx), 2011 WL 4527436, at *2 (C.D. Cal. Sept. 16, 2011) ("Without knowing the identity or citizenship of the members and partners of the Plaintiff companies, the Court cannot possibly determine whether complete diversity exists in this case.").

While Plaintiff's opposition does not respond to this argument, *see generally* Opp., Plaintiff has submitted a declaration from Gregory Lorber, a manager of Plaintiff, claiming that the members of Plaintiff are all "residents and/or domiciled in the State of California and Nevada, and not domiciled in or in any way residents or citizens of the State of New Jersey, or South Korea." *See* Declaration of Gregory J. Lorber ("Lorber Decl."), Docket No. 22-1 at ¶ 2. The Court would agree with Choi that this is insufficient. *See* Reply at 9.[6] "To properly allege the citizenship of [a LLC], Plaintiff must (1) identify their owners or members, and (2) allege every state of which

---

[6] Even if these allegations were sufficient (they are not), Plaintiff has not pled these facts in its FAC and may not amend its FAC through a brief filed in opposition to a motion to dismiss. *See Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1231 (N.D. Cal. 2019) ("[T]he Court does not consider what Plaintiff *intended* to allege, but rather, considers what *is* alleged in the SAC."); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.").

7

every owner or member is a citizen." *Satarco*, 2015 WL 12656920, at *1 (holding that allegations were insufficient to demonstrate complete diversity where the complaint alleged "only where the[] [LLCs] were formed and where they maintain a principal place of business"). "[M]erely stating that [members] are all citizens of California" or Nevada is "not sufficient." *Tacsis, LLC v. AGS Assurity, LLC*, No. 2:20-cv-01626-GW-(ASx), 2020 WL 13584193, at *2 (C.D. Cal. June 24, 2020); *see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64-65 (9th Cir. 2011) (finding defendant LLCs failed to satisfy their burden to show complete diversity of citizenship, where they failed to state citizenship of LLC members and instead simply asserted that none of the members were citizens of the same state as the plaintiff, Oregon).[7] Identification of every owner or member is important because "[i]f any member of a limited liability company ... is itself a partnership or association (or another LLC), the federal court needs to know the citizenship of each submember as well." *Hana Fin., Inc. v. Stuarts LLC*, No. 2:15-cv-03392-GW-(AGRx), 2015 WL 13357674, at *1 (C.D. Cal. Nov. 16, 2015).

For these reasons, the allegations in the FAC are insufficient to demonstrate complete diversity. In any amended complaint, Plaintiff must identify its owners or members and indicate the citizenship of those owners or members.

  ii. "Stateless" Citizen

In addition, contrary to Plaintiff's allegation that Pak resides in New Jersey, *see* FAC ¶ 4, Choi claims that Pak was domiciled in South Korea when Plaintiff filed this action, *see* Mot. at 12.[8] Specifically, Pak declares under penalty of perjury that he is an American citizen, but "currently reside[s] in Seoul, South Korea and intend[s] to remain in South Korea." Declaration of Kwang Soon Pak ("Pak Decl."), Docket No. 21-3, ¶¶ 2-3.[9] According to Pak, he leases a living

---

[7] The Court recognizes that *Lindley* is not binding precedent. Instead, this case is cited only for its strong persuasive value with respect to proper pleading of citizenship for LLCs. *See* 9th Cir. R. 36-3(a)-(b); Fed. R. App. P. 32.1(a).

[8] Further, diversity jurisdiction applies to "citizens of different states," *see* 28 U.S.C. § 1332(a)(1), not mere residence. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence' …, and one can reside in one place but be domiciled in another … For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

[9] The Ninth Circuit has held that "when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

space in Seoul, South Korea where his mailing address is also located, he has paid taxes in South Korea since 2012, he holds a driver's license issued by the authorities in South Korea, he maintains a bank account in South Korea, and he holds an appropriate foreigner registration card that allows him to legally remain in South Korea for the foreseeable future. *See id.* ¶¶ 7-10. In addition, Pak is the owner of Eesasia, which is a company organized under South Korean law, and his office is located in Seoul, South Korea. *Id.* ¶ 6. Pak also states that he has "no intention to reside in the United States on a permanent basis." *Id.* ¶ 16.

Even assuming that Pak was once domiciled in New Jersey, he has provided sufficient evidence to rebut the presumption that he is still domiciled there. Where, as here, the movant challenges the factual basis for the court's subject matter jurisdiction, "the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (internal citations omitted). Pak's sworn statement that he lives in South Korea and he intends to remain there "for the foreseeable future" indicates that he was domiciled in South Korea when Plaintiff initiated this action on May 10, 2023. *Id.* ¶ 3; *see also Turan Petroleum, Inc. v. Lentin*, 482 F. Supp. 2d 1170, 1171 (C.D. Cal. 2007) (relying on the defendant's declaration that she was a U.S. citizen residing in Canada and concluding that the court lacked subject matter jurisdiction because there was not complete diversity of citizenship among the parties).

Plaintiff fails to carry its burden to prove otherwise. Plaintiff attempts to rebut Pak's declaration by asserting that Pak "intends" to live and remain in New Jersey. Opp. at 9-14. To support that position, Plaintiff relies entirely on inadmissible assertions from Mr. Lorber's declaration. Lorber Decl. ¶¶ 7-30. The statements in Mr. Lorber's declaration are inadmissible under Federal Rule of Evidence 602 for lack of foundation. Mr. Lorber does not delineate how he has personal knowledge that Pak's "intent has been to remain in New Jersey." *Id.* ¶ 19. Mr. Lorber's only bases for his assertions are, among others, that Pak maintains an active New Jersey driver's license and a New Jersey voter registration, and that Pak's family and friends are domiciled in New Jersey. *See id.* ¶¶ 7-12, 27-29.

However, as Choi points out, Pak's New Jersey driver's license does not establish that he was domiciled in New Jersey at the relevant time. Pak declares that he maintains a New Jersey driver's license "as a means of identification and so that [he] can drive when [he] travels to the United States." Pak Decl. ¶ 13. In addition, as noted in his supplemental declaration, Pak's New

9

Jersey driver's license gives him enhanced driving privileges in South Korea. *See* Supplemental Declaration of Kwang Soon Pak ("Supp. Pak Decl."), Docket No. 27-2 at ¶ 5. As such, the license is not evidence that he is domiciled in New Jersey. *See Satarco Kish Trading, LLC v. Wamar Int'l Grp., LLC*, No. 2:15-cv-06422-BRO-(JCx), 2016 WL 5937792, at *4 (C.D. Cal. Jan. 6, 2016) ("That Mr. Barakat obtained a California driver's license to facilitate his business travels does not establish that … he resided in California with intent to remain.").

Further, Pak declares that he believes he is registered to vote in New Jersey because the renewal of his New Jersey driver's license automatically triggered voter registration. Pak Decl. ¶ 14. Despite being registered to vote, Pak states that the does not recall having ever voted in any election in New Jersey – local, state, or federal. Supp. Pak Decl. ¶ 6. As such, Plaintiff has failed to present any admissible evidence that Pak is domiciled in New Jersey.[10]

"Under § 1332(a) (diversity jurisdiction), U.S. citizens domiciled abroad are considered 'stateless' and destroy complete diversity." *Marcus v. Alexandria Real Est. Equities, Inc.*, No. 2:21-cv-08088-SB-(SKx), 2022 WL 3137723, at *2 (C.D. Cal. Mar. 11, 2022) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989)); *see also Grupo Dataflux v. Atlas Glob. Grp., LP*, 541 U.S. 567, 588 n.3 (2004) ("A United States citizen with no domicil[e] in any State ranks as a stateless person for purposes of [the diversity statute]."). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green*, 490 U.S. at 828 (emphasis in original). A U.S. citizen domiciled overseas is neither a State citizen nor a foreign citizen, and therefore falls "within none of the statutory categories of parties over whom the federal courts may exercise diversity jurisdiction." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001); *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (concluding that a U.S. citizen domiciled in Mexico was "neither a 'citizen of a state' nor an alien"). Thus, "[u]nder the strictures of § 1332," a stateless defendant is not subject to suit in federal court. *Lee*, 260 F.3d at 1005.

Further, in a case involving claims against multiple defendants, "the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green*,

---

[10] The Court has reviewed Choi's evidentiary objections to Mr. Lorber's declaration. *See* Docket No. 27-1. A court need not rule on evidentiary objections that are not material to its ruling. *Williams v. Cnty. of San Diego*, 523 F. Supp. 3d 1183, 1194 (S.D. Cal. 2021). Accordingly, the Court need not reach Choi's evidentiary objections to Mr. Lorber's declaration because the Court does not rely on the challenged evidence.

490 U.S. at 829 (emphasis in original). For example, in *Newman-Green*, one of the defendants was a U.S. citizen domiciled in Venezuela, and fell within none of the statutory categories of parties over whom the federal courts may exercise diversity jurisdiction. *Id.* at 828. Because he was not domiciled in any state, this defendant was "stateless" for purposes of the diversity statute, and, under the strictures of § 1332, the plaintiff could not pursue an action in federal court against him. *Id.* "For this reason, the defendant's presence in the case destroyed 'complete diversity,' rendering the entire case beyond the federal court's power to decide unless he was dismissed." *Lee*, 260 F.3d at 1005 (citing *Newman-Green*, 490 U.S. at 829).

As discussed above, Pak is a U.S. citizen currently residing in South Korea. *See* Pak Decl. ¶¶ 2-3. Pak intends to remain in South Korea and has no intention of residing in the United States on a permanent basis. *Id.* ¶¶ 3, 14. In addition, Pak holds a foreigner registration card that allows him to legally remain in South Korea for the foreseeable future. *Id.* ¶ 10. As such, Pak is not domiciled in any state and is a "stateless" citizen for purposes of the diversity statute. *Grupo Dataflux*, 541 U.S. at 588 n.3 (citing *Newman-Green*, 490 U.S. at 828). Because the Court would find that Pak is a U.S. citizen domiciled in South Korea, he is therefore not subject to federal diversity jurisdiction and his presence in the case destroys complete diversity, "rendering the entire case beyond [this] [C]ourt's power to decide unless he [i]s dismissed." *Lee*, 260 F.3d at 1005 (citing *Newman-Green*, 490 U.S. at 829); *see also Motu Novu LLC v. Percival*, No. 4:16-cv-06545-SBA, 2018 WL 3069316, at *7-8 (N.D. Cal. May 7, 2018) (finding that subject matter jurisdiction was lacking where the defendant had lived abroad for many years and established his domicile in Italy).

For the foregoing reasons, the Court would conclude that it lacks complete diversity and therefore cannot exert jurisdiction over this dispute. Because the Court would grant the Motion for lack of subject matter jurisdiction, the Court need not address Choi's arguments regarding personal jurisdiction and failure to state a claim. Nevertheless, the Court will briefly discuss Choi's 12(b)(2) and 12(b)(6) arguments, as they provide additional grounds for granting the Motion.

### B. Personal Jurisdiction

Choi argues that he is not subject to personal jurisdiction in California because "he did not purposefully direct tortious conduct at California and did not purposefully avail himself of the protections of California law in any way related to Plaintiff's claims." Mot. at 17. In response,

Plaintiff premises its entire argument for the assertion of personal jurisdiction over Choi on the allegation that he is the alter ego of Access Bio. *See* Opp. at 4-8. Choi counters that Plaintiff's alter ego allegations are conclusory and therefore are "patently insufficient to state an alter ego claim." Reply at 15.

"The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are subject to jurisdiction as well." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 996 (E.D. Cal. 2012) (citation omitted). "For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals." *Id.* "However, if a plaintiff shows that a defendant corporation is the alter ego of an individual defendant such that the corporate form may be disregarded, then a finding of personal jurisdiction over one supports a finding of personal jurisdiction over the other." *TV Ears, Inc. v. SYK Grp., LLC*, No. 3:16-cv-00867-GPC-(WVG), 2016 WL 6248539, at *3 (S.D. Cal. Oct. 26, 2016) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393-94 (9th Cir. 1984)).

For the alter ego doctrine to apply, a plaintiff "must make out a prima facie case '(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (quoting *Unocal*, 248 F.3d at 926). The "unity of interest and ownership" factor requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Ranza*, 793 F.3d at 1073 (citation omitted). "This test envisions pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operation." *Id.* (internal quotation marks omitted).

Moreover, "finding alter ego liability 'is an extreme remedy, sparingly used.'" *Riot Games, Inc. v. Suga PTE, Ltd.*, No. 2:22-cv-00429-SPG-(KSx), 2022 WL 17253916, at *9 (C.D. Cal. Nov. 3, 2022) (quoting *Hasso v. Hapke*, 227 Cal. App. 4th 107, 155 (2014)). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Riot Games*, 2022 WL 17253916, at *9 (quoting *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101,

12

1116 (C.D. Cal. 2003)).

Here, Plaintiff relies solely on the conclusory allegation in the FAC that "individual defendants were acting as the alter egos of corporate defendant, ACCESS BIO, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between said defendants such that any separateness between them has ceased to exist in that Defendant CHOI, completely controlled, dominated, managed, and operated the other defendants to suit their convenience." FAC ¶ 7. However, on a motion to dismiss based on personal jurisdiction, a plaintiff cannot "simply rest on the bare allegations of its complaint." *Schwarzenegger*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). While a prima facie showing of personal jurisdiction is only required, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz*, 476 F.3d at 766 (citations omitted).

Plaintiff has failed to present any evidence to support either factor of the alter ego test, and therefore, has failed to make a prima facie showing of an alter ego relationship between Choi and Access Bio. While the Court is to draw all reasonable inferences in favor of Plaintiff on a motion to dismiss, it has not provided any factual basis for the Court to make an inference to support an alter ego relationship.

### C. Failure to State a Claim

Finally, Choi contends that Plaintiff's four claims against him—two for breach of contract, one for fraud, and one for misrepresentation – are not plausibly pled because Choi is not a party to the alleged Agreement and the FAC does not allege that Choi made any misrepresentations. Mot. at 23-27. Plaintiff's opposition fails to address these arguments. *See generally* Opp.

"Failure to address an argument raised in a motion to dismiss constitutes waiver of that argument." *Jones v. Dollar Tree Stores, Inc.*, No. 2:21-cv-07441-PA-(PVCx), 2021 WL 6496822, at *7 (C.D. Cal. Nov. 4, 2021) (citing *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-(PJWx), 2011 WL 7096576, at *4 (C.D. Cal. Oct. 6, 2011) (dismissing claims where the plaintiff provided no argument in opposition to the defendants' arguments)); *see also Tatum v. Schwartz*, No. 2:06-cv-01440-DFL-(EFBx), 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) (concluding the plaintiff "tacitly concede[d]" a claim "by failing to address defendants' argument in her opposition"). Accordingly, Plaintiff has conceded that its claims against Choi are deficient, providing an

additional, alternative basis to grant the Motion.

In sum, the Court would grant the Motion for lack of subject matter jurisdiction. However, even if the Court concluded that it has subject matter jurisdiction over this action (it does not), it would dismiss the FAC for lack of personal jurisdiction and/or failure to state a claim, as discussed above. Nonetheless, the Court cannot say it would be futile to grant Plaintiff leave to amend to cure the defects identified by this Order and would therefore permit Plaintiff an opportunity to amend. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086-88 (9th Cir. 2014).[11]

### IV. Conclusion

Based on the foregoing discussion, the Court would **GRANT** the Motion. The FAC is **DISMISSED** without prejudice to refiling, to the extent that Plaintiff can do so consistent with the Court's Order. Should Plaintiff choose to submit an amended complaint, it must do so within thirty (30) days of this Order.[12]

---

[11] Because the Court would grant Choi's Motion for lack of subject matter jurisdiction, the Court declines to consider his first-to-file argument. *See* Mot. at 27. The Court notes, however, that the first-to-file rule applies to cases "previously filed in another *district court.*" *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (emphasis added). As such, it does not enable federal courts to dismiss, stay, or transfer a case based on an earlier-filed suit pending in state court. *See Kelley v. HCR ManorCare, Inc.*, No. 8:17-cv-01259-JVS-(JCGx), 2017 WL 10441310, at *2 (C.D. Cal. Nov. 28, 2017) ("[T]he first-to-file doctrine does not extend to state court proceedings."). Because the New Jersey Action was brought in state court, the first-to-file doctrine does not apply. *See Wells Fargo Bank, N.A. v. Zadourian*, No. 2:20-cv-07512-JFW-(JPRx), 2021 WL 8945108, at *1 (C.D. Cal. Feb. 10, 2021) ("The Supreme Court has been clear that the *Colorado River* abstention doctrine, rather than the first-to-file rule, governs a federal court's decision whether to defer to a state court and abstain from exercising jurisdiction and that abstention under *Colorado River* should be much rarer than abstention under the first-to-file rule.").

In addition, Plaintiff's opposition includes a request to stay, transfer, or dismiss the New Jersey Action. *See* Opp. at 19. As Choi highlights, however, Plaintiff gets it backwards by asking this Court to stay the New Jersey Action. *See* Reply at 23. This Court lacks the authority to dismiss, stay, or transfer the New Jersey Action.

[12] If Plaintiff is able to amend the FAC to demonstrate that the Court has subject matter jurisdiction, Choi may raise his Rule 12(b)(2) and 12(b)(6) arguments in a motion to dismiss the amended complaint to the extent the arguments remain applicable.