# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3588-GW-PVCx | Date | November 16, 2023 |
| Title | *Gredale, LLC v. Access Bio, Inc., et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

PROCEEDINGS:    **IN CHAMBERS - FINAL RULING ON DEFENDANT YOUNG HO CHOI'S MOTION TO DISMISS SECOND AMENDED COMPLAINT [36]**

Attached hereto is the Court's Final Ruling on Defendant's Motion [36]. The Court GRANTS the motion to dismiss the SAC as to Choi for lack of personal jurisdiction. Further, the Court orders Plaintiff to show cause in writing by December 7, 2023, why the other defendants should not be dismissed for an apparent failure of service within the time limits provided for in Federal Rule of Civil Procedure 4(m).

                                                                        :

                                          Initials of Preparer    JG

***Gredale, LLC v. Access Bio, Inc., et al.***; Case No. 2:23-cv-03588-GW-(PVCx)
Final Ruling on Defendant Choi's Motion to Dismiss the Second Amended Complaint

## I.    Background

On May 10, 2023, Plaintiff Gredale, LLC ("Plaintiff") initiated this action against Defendants Access Bio, Inc. ("Access Bio"), Young Ho Choi ("Choi"), Kwang Soon Pak ("Pak"), and Eesasia Corp. (collectively, "Defendants"), asserting causes of action for breach of contract, fraud, and intentional misrepresentation.  *See* Complaint, Docket No. 1.  On June 21, 2023, Choi filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).  *See* Docket No. 13.  On July 12, 2023, Plaintiff filed a first amended complaint asserting the same causes of action.  *See* First Amended Complaint ("FAC"), Docket No. 15.  On July 28, 2023, Choi filed a motion to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).  *See* Docket No. 21.  The Court held a hearing and granted Choi's motion to dismiss on August 28, 2023.  *See* Docket No. 31.  On September 19, 2023, in light of the Court's previous order dismissing the case due to lack of subject matter jurisdiction, Plaintiff dismissed Pak from this action.  *See* Docket No. 34.  Also on September 19, 2023, Plaintiff filed a second amended complaint – the operative complaint – asserting the same causes of action.  *See* Second Amended Complaint ("SAC"), Docket No. 33.[1]

This dispute stems from Defendants' purported breach of a fee agreement (the "Agreement") with Plaintiff, whereby Plaintiff "provid[ed] assistance and consulting support to [Access Bio] related to the preparation and submission of government proposals in response to government requests for proposals in connection to the manufacturing and sale of USA-made over the counter COVID [t]ests."  *Id.* ¶ 47.  Plaintiff claims that although Access Bio was awarded two government contracts, *see id.* ¶¶ 38-39, it has refused to pay Plaintiff any amount of the purported compensation due under the Agreement, *see id.* ¶¶ 43, 63, 89.

Now pending before the Court is Choi's motion to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  *See* Motion to Dismiss Second Amended Complaint ("Mot."), Docket No. 36.  Plaintiff filed an opposition brief.  *See* Opposition to Motion to Dismiss ("Opp."), Docket No. 37.  Choi filed a reply.  *See* Reply in Support of Motion to Dismiss Second Amended Complaint ("Reply"), Docket No. 41.

---

[1] Plaintiff's SAC at various points incorrectly refers to the pleading as the FAC.

1

## II.    <u>Legal Standard</u>

### A.  Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a matter for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). When a defendant moves to dismiss for lack of personal jurisdiction, the burden shifts to the plaintiff to establish the court's personal jurisdiction over the defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The plaintiff may meet this burden by making a "prima facie showing of jurisdictional facts." *Id.* (internal quotation marks omitted). "Where not directly controverted, plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citation omitted). "[C]onflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (internal quotation marks omitted). However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal quotation marks omitted).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Under California law, "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10. A court may exercise personal jurisdiction over a nonresident defendant consistently with due process only so long as there exist "minimum contacts" between the defendant and the forum, such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted).

Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414, nn. 8 & 9 (1984). A defendant is present "generally" in the forum when its activities in the state are "substantial" or "continuous and systematic." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Where general jurisdiction does not exist, the Ninth Circuit has established a three-factor test to evaluate whether the court may exercise specific jurisdiction over a defendant:

(1)  The non-resident defendant must purposefully direct his activities or

2

consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted).

The Supreme Court recently clarified the rationale of the specific-jurisdiction framework, stating that unlike general jurisdiction, specific jurisdiction covers a "narrower class of claims" where the defendant "must take some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (internal quotation marks omitted). The defendant's contacts must be his own, not random, isolated, or fortuitous, and must show the defendant deliberately reached out beyond his home, for example by entering a contractual relationship or exploiting a market in the forum state. *See id.* at 1025. Further, specific jurisdiction requires the plaintiff's claims to "arise out of or relate to the defendant's contacts with the forum . . . Or put just a bit differently, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (internal quotation marks and citation omitted).

The plaintiff bears the burden of establishing the first two prongs; otherwise there is no personal jurisdiction established in the forum state. *See Schwarzenegger*, 374 F.3d at 802. If the plaintiff succeeds on the first two prongs, then the defendant must present a compelling case as to why exercising jurisdiction would be unreasonable. *See id.* Further, a plaintiff "must establish that jurisdiction is proper for each claim asserted against a defendant." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal quotation marks omitted). Claims sounding in contract "apply a purposeful availment analysis and ask whether a defendant has purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 1212 (internal quotation marks omitted). Whereas claims sounding in tort require "a purposeful direction test and look to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Id.*

**B. Rule 12(b)(6)**

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon

3

which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations.  *See Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002).  The court is not required to accept as true legal conclusions couched as factual allegations.  *See Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

If a claim sounds in fraud or mistake, a court applies the heightened pleading standard of Federal Rule of Civil Procedure 9(b), requiring that such claims "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To satisfy this standard, a plaintiff must identify "[t]he time, place, and content of [the] alleged misrepresentation[s]," as well as the "circumstances indicating falseness" or "manner in which the representations at issue were false and misleading."  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (internal quotation marks and modifications omitted).  Those allegations "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Although the circumstances of the alleged fraud must be alleged with specificity, knowledge "may be alleged generally."  Fed. R. Civ. P. 9(b).  Thus, allegations regarding knowledge are subject to the familiar *Iqbal/Twombly* pleading standard, rather than the heightened standard of Rule 9.  *See Kowalsky v. Hewlett-Packard Co.*, No. 5:10-cv-02176-LHK, 2011 WL 3501715, at *3 (N.D. Cal. Aug. 10, 2011).

In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz*, 476 F.3d at 763; *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily

relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

## III. __Discussion__

As noted above, Choi previously moved to dismiss the FAC on the grounds of a lack of subject matter jurisdiction, personal jurisdiction, and failure to state a claim. The Court concluded that it did not have subject matter jurisdiction over the FAC or personal jurisdiction over Choi and dismissed. Choi's present motion to dismiss the SAC is based on similar grounds as the previous motion. Choi argues that Plaintiff's SAC should be dismissed because: (1) this Court lacks personal jurisdiction over him and (2) Plaintiff has failed to state any claim against him, including by failing to plead fraud with the requisite particularity required under Federal Rule of Civil Procedure 9(b). *See* Mot. at 6-7.

As the Court must be assured that it has personal jurisdiction over Choi prior to proceeding to Choi's merits arguments under Federal Rule of Civil Procedure 12(b)(6), the Court will first address Choi's Federal Rule of Civil Procedure 12(b)(2) challenge. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.").

### A.    Personal Jurisdiction

Choi argues that he is not subject to personal jurisdiction in California because "he did not purposefully direct tortious conduct at California and did not purposefully avail himself of the protections of California law in any way related to Plaintiff's claims." Mot. at 11. Further, Choi argues that Plaintiff fails to make a prima facie case that Access Bio is his alter ego, and that traditional notions of fair play and substantial justice weigh against exercising jurisdiction over him. *See id*. at 14-20. In response, Plaintiff appears to premise its entire argument for the assertion of personal jurisdiction over Choi on the allegation that he is the alter ego of Access Bio. *See* Opp. at 2-11. Plaintiff argues that "it is irrefutable that Access Bio, Inc. has availed itself of numerous business opportunities in the State of California and as such Access Bio, Inc., and by extension its founder, CEO, and primary decision-maker Choi are subject to the jurisdiction of this Court." Opp. at 8. Choi replies that Plaintiff has no evidence to show that Choi has a unity of interest and ownership with Access Bio – a board-managed and publicly traded company with over 47,000 shareholders and approximately $800 million in annual revenue – or that any inequity would result

from pursuing damages against Access Bio instead of Choi.  *See* Reply at 9-11.

"The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are subject to jurisdiction as well." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 996 (E.D. Cal. 2012) (citation omitted).  "However, if a plaintiff shows that a defendant corporation is the alter ego of an individual defendant such that the corporate form may be disregarded, then a finding of personal jurisdiction over one supports a finding of personal jurisdiction over the other." *TV Ears, Inc. v. SYK Grp., LLC*, No. 3:16-cv-00867-GPC-(WVG), 2016 WL 6248539, at *3 (S.D. Cal. Oct. 26, 2016) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393-94 (9th Cir. 1984)).  For the alter ego doctrine to apply, a plaintiff "must make out a prima facie case '(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (quoting *Unocal*, 248 F.3d at 926).

The "unity of interest and ownership" factor requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Ranza*, 793 F.3d at 1073 (citation omitted).  "This test envisions pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operation." *Id.* (internal quotation marks omitted).  "In considering whether there is sufficient unity of interest and ownership, relevant factors include whether there was inadequate capitalization, commingling of funds and other assets, holding out by one entity that it is liable for the debts of the other, identical equitable ownership, use of the same offices and employees, use of one as a mere conduit for the affairs of the other, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers." *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1250 (9th Cir. 2017) (internal quotation marks and citation omitted).

"Finding an inequitable result under the second element of alter ego liability generally require[s] some evidence of bad faith conduct on the part of defendants." *Id.* (internal quotation marks omitted).  "Plaintiffs are required to plead facts sufficient to demonstrate that conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form." *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 364 F. Supp. 3d 1061, 1082 (N.D. Cal. 2019) (internal quotation marks omitted).  "An inequitable result

includes enabling a shell game, in which an entity deflects liability on to shell corporations to avoid liability, to continue." *City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 635 (N.D. Cal. 2020). "The corporate form is disregarded only in narrowly defined situations when the ends of justice so require." *NuCal Foods, Inc.*, 887 F. Supp. 2d at 992. "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Riot Games, Inc. v. Suga PTE, Ltd.*, No. 2:22-cv-00429-SPG-(KSx), 2022 WL 17253916, at *9 (C.D. Cal. Nov. 3, 2022) (quoting *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003)). "This stringent pleading requirement reflects the principle that [d]isregarding the corporate entity is recognized as an extreme remedy, and [c]ourts will pierce the corporate veil only in exceptional circumstances. Indeed, it is axiomatic that [t]here is a general presumption in favor of respecting the corporate entity." *NuCal Foods, Inc.*, 887 F. Supp. 2d at 993 (internal quotation marks and citations omitted).

The Court would agree with Choi that Plaintiff has failed to plead allegations to establish a prime facie case of alter ego between Choi and Access Bio. After the Court found that Plaintiff did not sufficiently plead alter-ego in its FAC, Plaintiff's SAC and Opposition include new factual allegations relating to Choi, Access Bio, and two other companies (Areum Bio, LLC and Ivy Pharma, Inc.) in an attempt to demonstrate the first prong of unity of interest and ownership between Choi and Access Bio. *See* SAC ¶¶ 7-8; Opp. at 2-11. Choi contests many of Plaintiff's allegations and contends that Choi cannot have unity of interest and ownership with Access Bio, a publicly traded, board-managed company. *See* Reply at 9-11. However, this Court need not determine whether Plaintiff has adequately demonstrated unity of interest and ownership between Choi and Access Bio because Plaintiff has failed to plead any factual allegations relating to the second prong showing that a failure to disregard the separate identities of Choi and Access Bio would result in fraud or injustice.[2] Plaintiff has not plead any facts demonstrating conduct amounting to bad faith where Choi is hiding behind the corporate form of Access Bio. Plaintiff has not established that Access Bio is intentionally under-capitalized, or that Choi has constructed

---

[2] The Court has reviewed Choi's evidentiary objections to the declarations of Gregory J. Lorber and Chris Pretorius. *See* Docket No. 41-1. A court need not rule on evidentiary objections that are not material to its ruling. *See Williams v. Cnty. of San Diego*, 523 F. Supp. 3d 1183, 1194 (S.D. Cal. 2021). Accordingly, the Court need not reach Choi's evidentiary objections to Mr. Lorber's and Mr. Pretorius's declarations because the Court does not rely on the challenged evidence.

a shell game with Access Bio to avoid liability.  *Compare NuCal Foods, Inc.*, 887 F. Supp. 2d at 993-94 (concluding no alter-ego theory of personal jurisdiction in part because plaintiff did not allege or proffer evidence that the corporate entities "are currently underfunded or non-operational," or that defendants attempted to strip them of assets "such that plaintiff would potentially receive an unenforceable judgment") *with Activision Publ'g, Inc. v. EngineOwning UG*, No. 2:22-cv-00051-MWF-JC, 2023 WL 3272399, at *8 (C.D. Cal. Apr. 4, 2023) ("It is clear enough that declining to find personal jurisdiction over Defendant Rick or any of the corporate entities could potentially prevent Plaintiff from recovering if it is successful on the merits given the efforts Moving Defendants have taken to obfuscate the ownership structure and the fictions they have created to avoid judgments, namely claiming to have sold EO in 2018 to unknown buyers … [and] Rick has communicated an intent to avoid paying any possible judgment from this action.").  Moreover, Plaintiff has not given any reason why pursing claims against Access Bio, a corporation with an alleged $800 million in annual revenues, without piercing the corporate veil to include Choi would result in an inequitable result.  *See Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 56 (N.D. Cal. 2020) (finding no alter-ego theory of personal jurisdiction where plaintiff only alleged unjust enrichment and "most damning," never alleged that the corporate defendant cannot answer plaintiff's claim and/or pay any potential judgment); *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 956 (N.D. Cal. 2015) (concluding no alter-ego theory of personal jurisdiction established where "no inequitable result will follow" if the corporate defendants were "required to answer as a defendant in this lawsuit").

On a motion to dismiss based on personal jurisdiction, a plaintiff cannot "simply rest on the bare allegations of its complaint."  *Schwarzenegger*, 374 F.3d at 800 (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).  While a prima facie showing of personal jurisdiction is only required, "mere bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."  *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (internal quotation marks and citation omitted).  Plaintiff has failed to present any evidence to support the second factor of the alter ego test, and therefore, has failed to make a prima facie showing of an alter ego relationship between Choi and Access Bio.

At the hearing, Plaintiff appeared to argue that Choi's conduct with respect to the fraud-based claims could establish personal jurisdiction.  Choi responded that those claims were not

plead with sufficient particularity to establish personal jurisdiction, especially given Choi's alleged involvement was only statements made to Pak, who resided in Korea. The Court would agree with Choi.[3] In its SAC, Plaintiff only minimally amended its fraud-based to include allegations directly involving Choi. However, Plaintiff's SAC does not include sufficient allegations plead with particularity regarding Choi's personal involvement in the fraud-based claims to establish personal jurisdiction. *See Picot*, 780 F.3d at 1215 (concluding no personal jurisdiction where plaintiff "failed to make a prima facie showing of specific personal jurisdiction" because defendant's "actions did not connect him with California in a way sufficient to support the assertion of personal jurisdiction over him"). Further, Choi argued that Plaintiff's allegations did not meet the purposeful direction test for tort-based personal jurisdiction and Plaintiff failed to respond in its Opposition, waiving this argument altogether. *See* Reply at 7. In sum, the Court would grant the Motion for lack of personal jurisdiction.[4] Plaintiff remains free to file suit against Choi in an appropriate jurisdiction.

### B.     Failure to State a Claim

As this Court would find that Plaintiff has not established personal jurisdiction over Choi, the Court does not have the authority to reach a decision on the merits of Choi's Federal Rule of Civil Procedure 12(b)(6) arguments.[5]

---

[3] In addition to an alter ego theory, personal jurisdiction may be established over corporate officers when "they are the guiding spirit behind the wrongful conduct, or the central figure in the challenged corporate activity." *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) (internal quotation marks omitted). "Personal jurisdiction over an individual who acts as an agent of a third party must be assessed on the individual's actions alone." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1109 (9th Cir. 2020). While such a theory could potentially be available, Plaintiff did not appear to make a primary participant argument for personal jurisdiction over Choi in its pleadings. Regardless, Choi contends that his individual personal contacts are not enough to establish personal jurisdiction under a contract-based theory because many of his alleged contacts with California do not relate to the claims of this case, and his other California contacts are so vaguely and insufficiently plead that they cannot establish his purposeful availment. *See* Reply at 7-8. Plaintiff has not adequately responded to Choi's arguments to establish personal jurisdiction under the purposeful availment test over Choi on a primary-participant theory alone.

[4] Plaintiff's opposition includes a request to stay, transfer, or dismiss the New Jersey Action. *See* Opp. at 11-13. This Court lacks the authority to dismiss, stay, or transfer the New Jersey Action. As the Court has previously explained to Plaintiff, the first-to-file rule applies to cases "previously filed in another *district court*." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (emphasis added). As such, it does not enable federal courts to dismiss, stay, or transfer a case based on an earlier-filed suit pending in state court. *See Kelley v. HCR ManorCare, Inc.*, No. 8:17-cv-01259-JVS-(JCGx), 2017 WL 10441310, at *2 (C.D. Cal. Nov. 28, 2017) ("[T]he first-to-file doctrine does not extend to state court proceedings.").

[5] While not reaching a decision, the Court would note that Plaintiff's opposition failed to address any of Choi's Rule 12(b)(6) arguments, and thus conceded that its claims are deficient. *See generally* Opp. *See also Jones v. Dollar Tree Stores, Inc.*, No. 2:21-cv-07441-PA-(PVCx), 2021 WL 6496822, at *7 (C.D. Cal. Nov. 4, 2021) ("Failure to address an argument raised in a motion to dismiss constitutes waiver of that argument.") (citing *Silva v. U.S. Bancorp*, No.

### C.    Proof of Service

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. In a prior pleading, Choi noted that his motion to dismiss was filed only on his behalf because "it does not appear that any other Defendant has been properly served" given "no proofs of service have been filed on the docket as Fed. R. Civ. P. 4(i) requires." *See* Docket No. 27 at 7 n.1. Despite filing a SAC, briefing another motion to dismiss, and far longer than 90 days having elapsed since the beginning of this action, Plaintiff has still not filed any proofs of service in this action.

## IV.    <u>Conclusion</u>

Based on the foregoing discussion, the Court would **GRANT** the motion to dismiss the SAC as to Choi for lack of personal jurisdiction. Further, the Court will order Plaintiff to show cause by December 7, 2023, why the other defendants should not be dismissed for an apparent failure of service within the time limits provided for in Federal Rule of Civil Procedure 4(m).

---

5:10-cv-01854-JHN-(PJWx), 2011 WL 7096576, at *4 (C.D. Cal. Oct. 6, 2011) (dismissing claims where the plaintiff provided no argument in opposition to the defendants' arguments)); *see also Tatum v. Schwartz*, No. 2:06-cv-01440-DFL-(EFBx), 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) (concluding the plaintiff "tacitly concede[d]" a claim "by failing to address defendants' argument in her opposition").